FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 NOV -5 AM 10:40
CLERK R____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL LEWIS,

    Petitioner,

vs.

WARDEN, FCI, JESUP,

    Respondent.

CIVIL ACTION NO.: CV210-105

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Lewis ("Lewis"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Lewis filed a Traverse. For the reasons which follow, Lewis' petition should be **DENIED**.

## STATEMENT OF THE CASE

Lewis was arrested in Illinois by state authorities on October 8, 2001, for aggravated use of a weapon, possession of a firearm/invalid FOID card, and unlawful possession of a weapon by a felon. On December 17, 2001, Lewis' state charges were dismissed in favor of federal prosecution; however, Lewis remained in state custody for a pending parole violation hearing. Lewis' state parole was revoked on December 21, 2001. Lewis was removed from state custody via a federal writ on January 11, 2002, and was sentenced in the District Court for the Northern District of Illinois on July 9,

2002, to 120 months' imprisonment for unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 5, p. 2).

In this petition, Lewis seeks to have the Bureau of Prisons grant him credit against his federal sentence with time served from October 8, 2001, to March 16, 2002. Respondent asserts that the Bureau of Prisons gave Lewis credit from October 8-9, 2001, but he is not entitled to credit against his federal sentence from October 10, 2001, until March 16, 2002, because he was receiving credit from the State of Illinois for that time.

## DISCUSSION AND CITATION TO AUTHORITY

It is the duty of the United States Attorney General, acting through the Bureau of Prisons, to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). 18 U.S.C. § 3585, which deals with "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provide:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> > (1) as a result of the offense for which the sentence was imposed; or

2

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (Emphasis added). In determining the proper credit, a two part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Here, Lewis' federal sentence began on July 9, 2002, the date he was sentenced in federal court. Next, it must be determined what credit is due for time served prior to the commencement of Lewis' federal sentence.

The court must begin with the plain language of the statute itself. Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

Lewis was arrested by the Chicago Police Department on October 8, 2001, which is the date the Illinois Department of Corrections considered to be Lewis' violation date. It appears that Lewis returned to the Illinois Department of Corrections' custody on October 10, 2001. (Doc. No. 5-1, p. 16). Based on Respondent's representation, Lewis was not given credit by the State of Illinois for October 8 and 9, 2001, and his current

3

sentence has been adjusted accordingly. Thus, the Court must determine whether Lewis is entitled to credit against his federal sentence from October 10, 2001, through March 16, 2002, the date Lewis completed his state sentence.

On January 11, 2002, a writ of habeas corpus ad prosequendum was issued, and Lewis was taken into federal custody pursuant to this writ. (Doc. No. 5-1, p. 18). "'[I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.'" Powell v. Jordan, 159 F. App'x. 97, 99-100 (11th Cir. 2005) (quoting Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)). "A writ of habeas corpus *ad prosequendum* is only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Civiletti, 621 F.2d at 693.

Lewis was sentenced in federal court on July 9, 2002 (Doc. No. 5-1, p. 21), and his state sentence was completed on March 16, 2002. (Doc. No. 5-1, p. 16). The State of Illinois gave Lewis credit from October 10, 2001, through March 16, 2002. (Doc. No. 5-1, p. 6). The federal government gave Lewis credit from March 17, 2002, until July 8, 2002, the day before his federal sentence commenced. (Doc. No. 5, p. 4). As Lewis was given credit on his state sentence from October 10, 2001, through March 16, 2002, he is not entitled to credit on his federal sentence for that same time period. See 18 U.S.C. § 3585.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Lewis' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of November, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)